IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD

| | | |
|---|---|---|
| Bertha Gregg, | ) | C. A. No.:  8:09-cv-03049-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER AND OPINION |
| Michael J. Astrue, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for social security disability insurance benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. §§ 401–33.  This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ["Report," Doc. 27], filed on December 29, 2010.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).

I.    **Procedural Background**

Plaintiff applied for DIB on April 20, 2007, with an amended alleged onset-of-disability date of April 19, 2007.  Her application was denied initially and upon reconsideration.  An

1

Administrative Law Judge ("ALJ") conducted a hearing on October 21, 2008. The ALJ issued an unfavorable decision on February 10, 2009, finding Plaintiff was not entitled to benefits because, based on her residual functional capacity ("RFC"), vocational factors, and the testimony of a Vocational Expert ("VE"), she would be able to make an adjustment to work. The Appeals Council adopted the ALJ's decision on September 22, 2009, making the ALJ's decision final for purposes of review. Plaintiff filed this action seeking review of the Commissioner's decision. The Magistrate Judge to whom this matter was referred filed a detailed and comprehensive Report on December 29, 2010, in which she recommended that the Commissioner's decision be reversed and remanded for further proceedings.

The parties were advised of their rights to file specific written objections to the Report. The Commissioner filed objections on January 17, 2011. [Doc. 28]. Plaintiff did not respond to those objections, and this matter is ripe for review.

**II.     Discussion**

A.     Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by

2

substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

    B.    Analysis

    An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1).

    In her Report, which is incorporated herein by reference, the Magistrate Judge sets forth the relevant facts and legal standards, which will not be repeated herein. The Magistrate Judge considered and thoroughly evaluated Plaintiff's appellate arguments. In her principal brief, Plaintiff argued the following: 1) the ALJ did not properly consider the opinions of her treating physicians, Dr. James Brennan and Dr. Dean Lorenz, nor did he give those opinions proper weight; 2) the ALJ erred in considering Plaintiff's residual functional capacity ("RFC"); and 3) the ALJ's assessment of Plaintiff's credibility and subjective complaints of pain was erroneous. The Magistrate Judge undertook a comprehensive discussion of Plaintiff's arguments and review of relevant record evidence, determining the ALJ had not erred in his evaluation of Plaintiff's treating physicians, but that the matter should be remanded for further proceedings because the

3

ALJ had not adequately articulated his reasons for the RFC he ascribed to Plaintiff regarding use of her right hand, nor had he indicated whether he placed any limits on Plaintiff's ability to sit, stand, or walk.

        1.     The Commissioner's Objection Regarding Plaintiff's RFC and Credibility

The Commissioner objects to the Magistrate Judge's finding that the ALJ's findings regarding Plaintiff's RFC and her credibility were not supported by substantial evidence. Def.'s Objections at 1–2. The ALJ found Plaintiff had the RFC to perform a limited range of light work (Tr. at 12), and explained the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform work with restrictions that require no lifting or carrying of more than 20 pounds occasionally and 10 pounds frequently; no more than occasional stooping, twisting, crouching, kneeling, crawling, balancing, or climbing of stairs, ramps, ladders, ropes or scaffolds; and no more than frequent use of her right upper extremity for reaching and handling.

Tr. at 13. Plaintiff argued that the ALJ erred in finding she could use her right upper extremity frequently for reaching and handling because that finding was too liberal. In support, Plaintiff pointed to the opinions of her treating physicians and to her own testimony that she could not use her right hand to fasten buttons when dressing, to raise a gallon of milk, or to brush her hair. *See* Tr. at 33–34. The Magistrate Judge noted that the ALJ had properly discounted the opinions of the treating physicians,[1] so found that portion of Plaintiff's argument without merit. *See* Report at 8–9.

---

[1]*See* Report at 5–8. Neither the Commissioner nor Plaintiff has challenged the Magistrate Judge's recommended finding that the ALJ did not err in his treatment of the opinions of the treating physicians.

The Magistrate Judge then focused on the ALJ's finding that Plaintiff had the RFC for "frequent use of her right upper extremity for reaching and handling" in the context of the ALJ's credibility analysis of Plaintiff. The Magistrate Judge indicated her concern as to the "disconnect" between significant evidence of Plaintiff's "serious handling and reaching limitations" and the ALJ's conclusion that Plaintiff could use her right upper extremity for reaching and handling frequently, meaning six hours out of an eight-hour workday. Report at 9.[2]

After properly setting out the legal standard an ALJ is to use for considering a claimant's credibility when examining her subjective complaints, the Magistrate Judge found the ALJ did not comply fully with that standard because he did not sufficiently support his reasons for discounting some of Plaintiff's subjective complaints to the extent he did. More particularly, the Magistrate Judge concluded as follows:

> [T]he problem is that the ALJ has not even minimally made a bridge between what he contends is an incredible representation concerning the plaintiff's ability to button her coat or raise a gallon of milk and his conclusion that [Plaintiff] could do so for 6 hours in an 8 hour day. In other words, while there is substantial evidence not to fully believe [Plaintiff], there has been something less than substantial evidence cited to support the ALJ's specific and demanding functional determination. More is required to support the ALJ's conclusions in this regard. The ALJ must at least "minimally articulate" his reasoning so as to "make a bridge" between the evidence and his conclusions. *Fischer v. Barnhart*, 129 Fed. App'x 297, 303 (7th Cir. 2005) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004)).

Report at 11.

In his objection, the Commissioner reiterates arguments set out in his brief in support of the decision [Doc. 21], re-stating his argument that the ALJ provided sufficient rationale for his

_____

[2]In the hearing, the VE testified that "frequent" meant six hours out of an eight-hour day. Tr. at 59.

RFC findings by generally finding Plaintiff's statements not entirely credible and noting she had not reported hand pain to Dr. Joslyn Angus, her primary care physician. Def.'s Objections at 2. [Doc. 28].

The Commissioner's objection does not focus on the distinction the Magistrate Judge makes. The Magistrate Judge acknowledges that the ALJ considered appropriate factors—such as Plaintiff's activities of daily living and the suggestion by Dr. Lorenz that she dramatized pain—in analyzing Plaintiff's credibility. Report at 10 & n.2. The error for which the Magistrate Judge recommends remand is that the ALJ did not explain how he arrived at his very specific finding that Plaintiff could use her right hand to reach and handle objects for two-thirds of a workday.

The court agrees with the Magistrate Judge that the ALJ's discussion of Plaintiff's residual abilities in her right hand require more discussion. The Commissioner's first objection is without merit.

2.    The Commissioner's Objection Regarding Plaintiff's Ability to Sit, Stand, or Walk

The Commissioner's final objection relates to the Magistrate Judge's recommendation of remand for additional proceedings because the ALJ did not make specific findings regarding Plaintiff's ability to sit, stand, or walk during a workday, nor did he include instructions as to those abilities in his hypothetical to the VE. Def.'s Objections at 3–5. The Commissioner conceded that the ALJ did not expressly include such restrictions in the RFC finding or in the hypothetical to the VE, but argues the intended restrictions and reasons for them were sufficiently clear. Def.'s Br. at 12. He argued that the hypothetical to the VE was based on the report of a consulting state agency physician and that, because that physician had opined Plaintiff could

6

stand or walk for six hours and walk for six hours of an eight-hour workday, it was clear that the ALJ intended those findings. The Magistrate Judge disagreed with the Commissioner, noting a hypothetical question to a VE must fairly set out a claimant's impairments, and the court was not to guess the ALJ's intent as to standing, walking, and sitting. Report at 12. Additionally, the Magistrate Judge noted that the ALJ's decision did not include discussion of Plaintiff's ability to stand, sit, or walk, although Plaintiff had the severe impairment of cervical disc disease and offered testimony regarding limitations in sitting, standing, and walking. Report at 12 (citing Tr. at 11, 13, 14). For these reasons, the Magistrate Judge recommended remand for further clarification. *Id.*

The Commissioner objects to this suggestion of remand, reiterating arguments he made in his brief considered by the Magistrate Judge. He argues that because the ALJ found Plaintiff could perform a restricted range of "light work," it could be inferred that the ALJ intended to find Plaintiff subject to the limitations on walking, sitting, and standing that the Commissioner's regulations ascribe to the full range of "light work"—the ability to stand or walk approximately six hours in an eight-hour workday. Def.'s Objections at 3. The Commissioner concedes that the ALJ does not discuss Plaintiff's ability to stand, sit, or walk, anywhere in his decision. *Id.* at 4. He claims that omission is of no moment, pointing to the findings of the state agency physician and pieces of the ALJ's decision that he claims permit the court to infer the ALJ's intent regarding Plaintiff's ability to walk, stand, or sit. The court is not convinced.

As correctly noted by the Magistrate Judge, the court is not to make assumptions or inferences about what the ALJ may have believed Plaintiff's limitations on walking, sitting, or

standing were, or why. Remand for additional consideration is appropriate, and the Commissioner's objection on this ground is overruled.

## III.    Conclusion

After a thorough and careful review of the record, including the findings of the ALJ, the briefs from Plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. The Commissioner's objections are overruled. For the reasons set out above and in the Report, the Commissioner's final decision is reversed and remanded for further proceedings.

**IT IS SO ORDERED**.

<u>s/J. Michelle Childs</u>
United States District Judge

Greenville, South Carolina
March 15, 2011